**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Leo John Wicker</u>

   v.                                             Civil No. 12-cv-267-PB

<u>State of New Hampshire</u>

### REPORT AND RECOMMENDATION

Leo John Wicker has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he was wrongfully arrested in New Hampshire on an invalid Florida warrant, and seeking to remove a state court extradition hearing from the Plymouth District Court in Plymouth, New Hampshire, to this court. Wicker filed three motions seeking emergency relief, concerning the propriety of his detention (doc. nos. 1, 3 and 4), one of which (doc. no. 1) the clerk docketed here as a § 2241 petition. Wicker has also filed a "Motion for Judgment" (doc. no. 5).[1]

---

[1] Specifically, Wicker's motions request: (1) an emergency hearing to challenge the warrant (doc. no. 1); (2) unspecified accommodations under the Americans with Disabilities Act (doc. no. 3); (3) removal of Wicker's extradition hearing to this court for consideration (doc. no. 4), and; (4) a judgment in the amount of $14,000,000.00 (doc. no. 5).

The district judge has referred the requests for emergency relief (doc. nos. 1, 3 and 4) to this magistrate judge for proposed findings and a recommendation as to disposition (doc. no. 7). The § 2241 petition is before the court for preliminary review to determine whether it is valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring preliminary screening of habeas petitions); see also § 2254 Rule 1 (authorizing application of § 2254 Rules to habeas actions filed under other statutes).

## Standard of Review

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

In 2005, an arresting authority in Florida issued a warrant for Wicker's arrest on a probation violation. Twice since then Wicker has surrendered himself on the warrant in Massachusetts – once to the Fitchburg District Court and once to the Leominster District Court. On both occasions, Wicker waived extradition, and the Massachusetts courts each gave Florida six months to pick Wicker up on the warrant. When Florida did not pick Wicker up, the Massachusetts courts voided Wicker's fugitive status.

It appears, however, that Florida did not vacate the warrant, as the Woodstock, New Hampshire, Police Department arrested Wicker on the warrant on July 2, 2012. On August 24, 2012, Wicker notified this court that he is incarcerated at the Osceola County Corrections Department in Kissimmee, Florida.

**Discussion**

I. <u>Habeas Petition</u>

Wicker sought this court's intervention to prevent his transfer to Florida on a warrant Wicker considers invalid based on Florida's previous failures to execute it. It appears that Florida has now executed the warrant as Wicker is incarcerated in Florida. The record does not contain any indication that Wicker is presently in the custody of a New Hampshire authority.

Although Wicker baldly asserts that his arrest on the warrant in Woodstock was without probable cause, an arrest pursuant to a valid warrant is presumptively supported by probable cause, absent a showing that the warrant was obtained by an affiant who "knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause." <u>Fabrikant v. French</u>, 691 F.3d 193, 214 (2d Cir. 2012) (internal quotation marks and citation omitted). No such showing has been made here. Accordingly, the court cannot find that Wicker's custody in New Hampshire, pursuant to the July 2012 arrest, violated the Constitution. The petition should be dismissed on that basis, without prejudice to Wicker's ability to litigate the validity of the warrant in the Florida courts. Similarly, Wicker's requests for

emergency relief (doc. nos. 1, 3 and 4) should be denied, as they have been mooted by Wicker's transfer to Florida.

II. Other Claims

In his petition (doc. no. 1) and his motion for judgment (doc. no. 5), Wicker alleges facts suggesting his belief that acts by Chief Moorhead of the Woodstock Police Department violated Wicker's constitutional rights. To the extent Wicker intends to assert such claims against Moorhead in this court, he must do so in a civil rights action filed pursuant to 42 U.S.C. § 1983. Such claims, as well as claims for money damages, are not cognizable in a habeas action, and the petition (doc. no. 1) should therefore be dismissed, and the motion for judgment (doc. no. 5), be denied.

### Conclusion

For the foregoing reasons, Wicker's habeas petition (doc. no. 1) should be dismissed without prejudice to the filing of an appropriate action in the Florida courts, or a civil rights action in this court, and the motions for emergency relief and judgment (doc. nos. 3-5) should be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the

right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 5, 2012

cc: Leo John Wicker, pro se

LBM:jba